PER CURIAM:
The claimants brought this action for vehicle damage and personal injuries which occurred as a result of an accident on a road maintained by the respondent in Lincoln County. The Court is of the opinion to make a comparative award as stated more fully below.
The incident giving rise to this claim occurred on June 22, 1996, at approximately 11:30 p.m. Claimant Deloris Perry was driving a 1991 Pontiac Grand Am,' owned by her daughter Shirley Perry, in a westerly direction on Four Mile Road (County Route 11), approximately six and a half miles west of the intersection with Route 10. Route 11 in this area is a narrow, winding two-lane paved road that is high priority in terms of maintenance. The road is 16 feet, six inches wide; each lane is eight feet, three inches wide. There are yellow center stripes but no outside white lines denoting the edge of the pavement. There is a steep drop-off to a creek on one side of the road.
The weather was dark and rainy. The speed limit is 30 miles per hour, and there is a posted speed limit sign for westbound traffic located approximately two miles from the accident site. The evidence adduced at hearing established that the claimant steered to the right to avoid an oncoming truck, whereupon her vehicle struck a depression on the edge of her lane. Ms. Perry lost control of the vehicle, which crossed the road and flipped onto its roof against an embankment.
The evidence established that the depression in question had been in this location for some time. Wendell Williamson, a school bus driver who lived nearby and witnessed the accident, testified that he had struck the hole three to six months prior to the claimant’s accident and that he had advised the respondent of the hazard at that time. Mr. Williamson further testified that the claimant’s vehicle appeared to be traveling at a normal rate of speed at the time of the accident. The respondent’s position was that this depression was caused by base failure and a washout along the creek and that the respondent had no prior actual or constructive notice.
Claimant Deloris Perry experienced continued pain in her back, right leg and left knee following the accident. She received chiropractic treatment in 1996 and 1997 for lumbar sprain and nerve impingement, however x-rays and a lumbar MRI were normal. Her out-of-pocket medical costs, after insurance, is in the amount of $760.69. The vehicle was a reconstructed *157 vehicle with a book value of $6,900.00. Owner Shirley Perry seeks an award of $4,630.00, representing the book value less 30 percent deduction and a $200.00 trade value. The claimants had liability insurance only.
It is well established that the State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold the respondent liable for road defects of this type, the claimant must prove that the respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986). The Court is of the opinion that the respondent had, at a minimum, constructive notice of this hazard and had ample opportunity to make repairs. Therefore the claimants are entitled to an award for their out-of-pocket expenses.
Deloris Perry testified that she was traveling approximately 25 to 30 miles per hour. However, the evidence indicates that her vehicle traveled some distance beyond the depression in question, struck an embankment and flipped onto its roof. While the evidence is not conclusive, it is the opinion of the Court that Ms. Perry, more likely than not, was driving in excess of reasonable speed under the conditions, and is 30 percent at fault for failing to exercise due care. Therefore, in accordance with established principles of comparative negligence the Court is of the opinion to reduce the awards to Deloris Perry by 30 percent. The Court furthermore is of the opinion that Ms. Perry is entitled to a comparative award for pain and suffering and inconvenience arising from this accident in the amount of $1,000.00, reduced by her comparative fault to $700.00.
In view of the foregoing, the Court does hereby make an award as follows:
Award to Deloris Perry of $1,232.48.
Award to Shirley Perry of $4,630.00.